UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE DIGGS,<br><br>         Plaintiff,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHIC[LE] D[I]RECTOR JEAN SHIOMOTO; LEGAL DIVISION OF DEPARTMENT OF MOTOR VEHIC[LE],<br><br>         Defendants. | Case No.: 18-CV-2593 JLS (KSC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT FOR FAILING TO PAY FILING FEE**<br><br>(ECF No. 2) |

Presently before the Court is Winnie Diggs' Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2.) Plaintiff, proceeding *pro se*, has filed a complaint alleging violation of several of her constitutional rights by the California Department of Motor Vehicles. *See* Compl., ECF No. 1 at 4.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350.[1] 28 U.S.C. § 1914(a). An action may still proceed without the prepayment of fees

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees,

if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Ms. Diggs indicates that she receives $900 per month in disability, Mot. at 2, has approximately $4,000 in a BBVA Compass checking account for back pay from disability, *id.*, owns a 2007 Chrysler Town & Country worth approximately $600, *id.* at 3, and has monthly obligations totaling approximately $550.[2] *See id.* at 4–5. Because it appears that Plaintiff has $4,000 in her checking account and that her monthly income exceeds her monthly expenses by $350, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** an additional thirty (30) days from the date this Order to either (1) pay the entire $400 statutory and administrative filing fee, or (2) file a new IFP Motion alleging that she is unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: November 15, 2018

Hon. Janis L. Sammartino
United States District Judge

---

District Court Misc. Fee Schedule) (eff. Sept. 1, 2018). The additional $50 administrative fee, however, is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2] Plaintiff also indicates that she "hope[s] to start working" again within the next twelve months. *Id.* at 5.