UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE DIGGS,<br><br>                            Plaintiff,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHIC[LES] D[I]RECTOR JEAN SHIOMOTO; LEGAL DIVISION OF DEPARTMENT OF MOTOR VEHIC[LES],<br><br>                           Defendants. | Case No.: 18-CV-2593 JLS (KSC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S THIRD MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) *SUA SPONTE* DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 6) |

On November 13, 2018, Plaintiff Winnie Diggs, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 in the Southern District of California alleging violation of several of her constitutional rights by the California Department of Motor Vehicles. *See generally* ECF No. 1 ("Compl.").

**I.    PROCEDURAL HISTORY**

Presently before the Court is Ms. Diggs' third Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 6). The Court denied Ms. Diggs' first motion to proceed IFP on November 15, 2018, on the grounds that "Plaintiff has $4,000 in her checking account and . . . her monthly income exceeds her monthly expenses by $350." ECF No. 3 at 2. The Court denied Ms. Diggs' second motion to proceed IFP on December 7, 2018, on the

grounds that "her monthly obligations total . . . $60 per month less than her monthly income . . . [and] it remains unclear to the Court whether Ms. Diggs is unable to pay the $350 filings fee from the $4,000 in her checking account." ECF No. 5 at 2. The Court granted Ms. Diggs thirty days to file a renewed IFP motion clarifying "why she is unable to pay the $350 filing fee from the $4,000 in her checking account." *Id.* at 3. This Motion followed on December 18, 2018. *See generally* ECF No. 6.

## II.  *IN FORMA PAUPERIS* MOTION

As indicated in the Court's prior Orders, all parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350.[1]  28 U.S.C. § 1914(a). An action may still proceed without the prepayment of fees if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, as before, Ms. Diggs indicates that she receives $900 per month in disability, Mot. at 2, and owns a 2007 Chrysler Town & Country worth approximately $4,000, *id.* at 3. Ms. Diggs estimates that her monthly obligations total approximately $885, *see id.* at 4–5, only $15 per month less than her monthly income. Ms. Diggs represents that she now has $1,400 in her checking account. *Id.* at 2. She indicates that she is moving to Pueblo, Colorado, and the $1,400 balance in her checking account is to "get a place, pay[] the [first] and last month's rent, get[] utilities turned on, find work, and afford to eat." *Id.* at 5.

On this record, the Court concludes that Ms. Diggs has sufficiently established that she is unable to pay the required filing fee. As such, she meets the requirements to proceed

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. Sept. 1, 2018). The additional $50 administrative fee, however, is waived if the plaintiff is granted leave to proceed IFP. *Id.*

IFP and the Court therefore **GRANTS** Ms. Diggs' Motion.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. *Standard of Review*

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763 (2015) ("[T]he court shall dismiss the case [pursuant to 28 U.S.C. § 1915(e)(2)] at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; [or] seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *In Forma Pauperis* complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light

most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In addition, courts have a duty to construe a *pro se* litigant's pleadings liberally, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), a duty that is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

### B. Factual Allegations

Ms. Diggs' Complaint seeks to hold Defendants liable for several alleged violations of her constitutional rights. *See* Compl. at 4. Ms. Diggs seeks damages for "multiple counts of assault," "[lost] employment endeavors," loss of two cars and five computers, and "financial hardship. *Id.* at 7.

Ms. Diggs alleges police conduct depriving her of her vehicle. *See id.* at 6. She states, "Police gave [her] a ticket June 14[,] 2017 and towed [her] Hyundai." *Id.* at 6. She add that "[she] spoke with a deputy who decided to keep the Hyundai []based on his

4

18-CV-2593 JLS (KSC)

addendum that 'investigations are still pending.'" *Id.* Ms. Diggs claims "the police report [was] fabricated at the [scene] and the false accusation of DUI[] went forward. Criminal and traffic court clerks conspired to turn citations . . . into warrants and collections." *Id.* at 13. Ms. Diggs claims she was "wrongfully prosecuted" and "extorted thousands in fines and fees." *Id.* at 13.

Ms. Diggs claims "predators[] and stalkers started using electronic technology weapons, physically attacking [her] 24/7." *Id.* at 6. She claims the unidentified persons attacked her with "[i]nertia impacts of motion propellant shock waves," *id.* at 7; "particle beams," *id.*; and "electronic torture, electromagnetic torture, [and] microwave torture," *id.* Plaintiff attributes the attacks to the "DMV's m[a]nipulation of the justice system," *id.* at 6, although it is unclear when or where the alleged assault occurred. Plaintiff lists several dates, including "Feb[ruary] 23, 2016," *id.* at 5, and "May 21, 2018," *id.* at 7; however, it is unclear which of the events Ms. Diggs alleges occurred on which of these dates.

### C. Analysis

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A person "acts under color of state law [for purposes of section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

/ / /

Liberally construing Plaintiff's Complaint, Plaintiff does not provide sufficient facts to allege conduct that deprived her of a right, privilege, or immunity protected by the Constitution. For example, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. Regarding Plaintiff's putative claim concerning the impoundment of her vehicle, "[t]he impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005)).

Here, Ms. Diggs alleges that the DMV took her vehicle. Compl. at 13 ("DMV is responsibl[e] for the loss of the Hyundai."). When the vehicle was impounded, however, it appears there were unpaid fines or limitations on Ms. Diggs' license. *Id.* at 6 ("[DMV] clerks sent me . . . a letter [stating], 'you need to pay your fines and court cost.'"). Pursuant to California Vehicle Code § 14602.6(a)(1), "[w]henever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, . . . the peace officer may . . . cause the removal of and seizure of that vehicle." A vehicle may also be impounded to failure to pay parking violations. *See* Cal. Vehicle Code § 22651(i). Consequently, without further factual allegations, the Court cannot assess whether there was an unlawful seizure of Ms. Diggs' vehicle. Accordingly, the Court concludes that Ms. Diggs does not allege sufficient facts to show deprivation of a right secured by the Constitution.

Further, even if Ms. Diggs had sufficiently alleged a violation of any of her constitutional rights, she does not provide specific facts related to Defendants to support her claims for relief. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which

6

18-CV-2593 JLS (KSC)

defendants engaged in" to state a claim). Ms. Diggs' Complaint contains no specific factual allegations directly related to Department of Motor Vehicles Director Jean Shiomoto, much less any details as to what Director Shiomoto did, or failed to do, to violate Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 555, 570). Although Ms. Diggs alleges that she sent a letter to Director Shiomoto, *see* Compl. at 6, the timing and contents of the letter is unclear. Ms. Diggs also names the Legal Division of the Department of Motor Vehicles as a Defendant. *See id.* at 1. Ms. Diggs, however, alleges only that a clerk, Noreen Ayala, sent Ms. Diggs a letter to schedule a mental evaluation and to remind Ms. Diggs to pay her fines and court costs. *See id.* at 6. It is unclear from the Complaint whether Ms. Ayala is part of the Legal Division or what particular overt acts by the Legal Division allegedly deprived Ms. Diggs of her constitutional rights.

As currently pleaded, Ms. Diggs' Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because she has failed to allege any facts which "might plausibly suggest" that California Department of Motor Vehicles Director Jean Shiomoto and the California Department of Motor Vehicles Legal Division violated her constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (holding that 42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights). The Court therefore finds that Ms. Diggs has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Ms. Diggs' Complaint.

///

///

## IV. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Ms. Diggs' third Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 6) is **GRANTED**;

2. Ms. Diggs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

3. Ms. Diggs is **GRANTED** <u>forty-five (45) days</u> from the date on which this Order is electronically docketed to submit a First Amended Complaint which cures all the deficiencies of pleading noted above. Ms. Diggs' Amended Complaint must be complete in itself without reference to her original pleading. *See* S.D. Cal. CivLR 15.1. Any Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). ***<u>Should Ms. Diggs fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this action for failure to prosecute.</u>***

**IT IS SO ORDERED.**

Dated: January 28, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge