UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE DIGGS,<br><br>         Plaintiff,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHIC[LES] D[I]RECTOR JEAN SHIOMOTO; LEGAL DIVISION OF DEPARTMENT OF MOTOR VEHIC[LES],<br><br>         Defendants. | Case No.: 18-CV-2593 JLS (KSC)<br><br>**ORDER: (1)** *SUA SPONTE* **DISMISSING WITH PREJUDICE AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2), AND (2) DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 10, 12) |

**I. PROCEDURAL HISTORY**

Plaintiff Winnie Diggs, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Jean Shiomoto, Director of the Department of Motor Vehicles, and the Legal Division of the Department of Motors Vehicles on November 13, 2018. *See* ECF No. 1. She also filed a motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

After the Court denied Ms. Diggs' initial motion for leave to proceed IFP on November 15, 2018, *see* ECF No. 3, Ms. Diggs filed a second motion for leave to proceed IFP on December 7, 2018. *See* ECF No. 4. The Court again denied Ms. Diggs leave to proceed IFP on December 12, 2018. *See* ECF No. 5.

On December 18, 2018, Ms. Diggs filed a third motion for leave to proceed IFP. *See* ECF No. 6. Although the Court granted Ms. Diggs' request to proceed IFP, it *sua sponte* dismissed without prejudice Ms. Diggs' initial complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on January 28, 2019. *See* ECF No. 9. The Court concluded that "Plaintiff d[id] not provide sufficient facts to allege conduct that deprived her of a right, privilege, or immunity protected by the Constitution." *Id.* at 6. Further, "she d[id] not provide specific facts related to Defendants to support her claims for relief." *Id.* Nonetheless, the Court granted Ms. Diggs forty-five days' leave to file an amended complaint. *Id.* at 8.

Ms. Diggs' operative Amended Complaint followed on February 4, 2019. *See* ECF No. 10. On April 9, 2019, she filed a motion for summary judgment. *See* ECF No. 12.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. *Standard of Review*

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763 (2015) ("[T]he court shall dismiss the case [pursuant to 28 U.S.C. § 1915(e)(2)] at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; [or] seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In addition, courts have a duty to construe a *pro se* litigant's pleadings liberally, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), a duty that is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

### B.  *Factual Allegations*[1]

Ms. Diggs was a homeless, 63-year-old black woman who was living in Carlsbad, California, at the time of the actions underlying her Amended Complaint. *See* ECF No. 10 ("FAC") at 10. Although the timeline is not entirely clear, Ms. Diggs appears to allege that she began to suffer harassment from the police beginning in 2015. *See id.* She believes that the police began following her and, as a result of their stalking her, she received a dozen citations, whereas she previously had none. *See id.*

In February 2016, Ms. Diggs was falsely arrested for driving under the influence. *Id.* at 10, 12. Ms. Diggs was not driving, but rather sitting in her parked car at the time of the incident. *Id.* at 7. Ms. Diggs paid the DMV $120 for a video that would prove she was not driving at the time of her arrest, but the DMV never sent her the video. *Id.* at 10, 17. Instead, the DMV sent Ms. Diggs a form requesting that she receive a mental health evaluation. *Id.* at 10.

While Ms. Diggs was awaiting trial, mechanics in Carlsbad "deliberately put [her Volvo] in disrepair." *Id.* at 7, 11. Ms. Diggs' $1800 computer was also stolen, *id.* at 10–11, which contained her personal and other intellectual properties, including a valuable business plan. *Id.* at 12. Four other computers have gone missing. *Id.* at 8.

In April 2016, Ms. Diggs "received a cleared license," *id.* at 11, but the DMV failed to remove the suspension of her license in their system. *Id.* at 7. Consequently, after Ms. Diggs purchased a Hyundai on June 1, 2017, to replace her Volvo so that she could take an assignment with the L.A. Census Bureau in California City, California, her Hyundai was towed on June 14, 2017, for driving on a suspended license and an expired vehicle registration. *Id.* at 7, 11. The DMV later confirmed that Ms. Diggs had until September 8, 2017, to register the Hyundai, *id.* at 11, and a judge dismissed both charges in July 2017. *Id.* at 11, 18.

---

[1] The Court accepts as true all material allegations in the FAC and construes the FAC and all reasonable inferences drawn from it in the light most favorable to Ms. Diggs. *See Resnick*, 213 F.3d at 447.

4

Beginning in late 2017, Ms. Diggs began to experience attacks by use of a laser and electronic shocks perpetrated by dozens of people everywhere she went. *See id.* at 7, 11. She experiences hundreds of attacks each day, which cause her pain and suffering. *Id.* Ms. Diggs believes that she has been targeted for writing to government and local officials, thereby exposing a current climate of corruption, fraud, oppression, racism, and discrimination. *Id.* at 12, 18; *see also id.* at 10. Ms. Diggs first began writing to government officials in 2015, after which her Apple Air Book computer was repeatedly hacked. *Id.* Somebody has been interfering with Ms. Diggs' correspondence, which often never reaches its intended recipients. *See id.* at 16–17.

*C.     Analysis*

Liberally construing Ms. Diggs' First Amended Complaint, the Court must conclude that (1) Ms. Diggs has failed to state a plausible claim for relief under Section 1983 against Department of Motor Vehicles Director Jean Shiomoto pursuant to Section 1915(e)(2)(B)(ii), (2) Ms. Diggs' Section 1983 claims are time-barred and therefore frivolous under Section 1915(e)(2)(B)(i), and (3) Ms. Diggs seeks monetary relief against those who are immune from liability under Section 1915(e)(2)(B)(iii). The Court also concludes that further amendment would be futile.

*1.     Failure to State a Claim*

Ms. Diggs purports to assert her claims against Director Shiomoto under 42 U.S.C. § 1983.[2] *See* FAC at 3. Ms. Diggs fails to state a plausible claim for relief.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."

---

[2] Ms. Diggs also purports to assert her claims under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As made clear by the form Ms. Diggs used, however, *Bivens* claims may be asserted only against federal officials. *See* FAC at 3. Because the DMV is a state entity and Director Shiomoto is a state official, the Court addresses only Ms. Diggs' claims under Section 1983.

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A person "acts under color of state law [for purposes of section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Here, even assuming Ms. Diggs can state a plausible claim for deprivation of a right secured by the Constitution, Ms. Diggs' First Amended Complaint contains no specific factual allegations directly related to Director Shiomoto, much less any details as to what Director Shiomoto did, or failed to do, to violate Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 555, 570). The Court previously granted Ms. Diggs leave to amend to remedy this deficiency, but Ms. Diggs' First Amended Complaint contains fewer allegations concerning Director Shiomoto than Ms. Diggs' original Complaint. Consequently, although this deficiency could in theory be cured, it appears unlikely that Ms. Diggs will clear this pleading hurdle.

/ / /

/ / /

### 2. *Statute of Limitations*

The Court next determines that Ms. Diggs' Section 1983 claims, as they relate to Director Shiomoto and (although not separately named) the DMV, cannot be cured because they are time-barred as evident from the face of Ms. Diggs' First Amended Complaint. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, [federal courts] look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citing *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002)). Although the nature of Ms. Diggs' claims against Director Shiomoto or the DMV arising under Section 1983 are far from clear, the statute of limitations would be, at most, two years. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims).

Here, the underlying false arrest for driving under the influence, in which the DMV was not involved, occurred in February 2016. *See* FAC at 12. Ms. Diggs' license was cleared on April 2016, *see id.* at 11, meaning that any claims arising from the DMV's conduct at Ms. Diggs' hearing, review, and trial occurred and accrued before that date. *See id.* at 10. Accordingly, the statute of limitations for any claims against the DMV pertaining to the February 2016 false arrest and subsequent proceedings ran by April 2018. Ms. Diggs' claims, not filed until November 2018, *see generally* ECF No. 1, are therefore time-barred.

### 3. *Immunity*

Although not alleged in her First Amended Complaint, it is also possible that Ms. Diggs intended to assert a claim against Director Shiomoto (or the DMV or other of its employees) for negligence under the California Tort Claims Act. Ms. Diggs alleges that the DMV restored her license, but wrongfully failed to lift her suspension, in April 2016. FAC at 7, 11. Construing Ms. Diggs' First Amended Complaint liberally and issues of claim presentment aside, such claims are barred by immunity.

Under California law, neither a public entity nor a public employee may be "liable for an injury caused . . . by . . . failure or refusal to issue, deny, suspend or revoke, any

7

permit, license, certificate, approval, order, or similar authorization." Cal. Gov't Code §§ 818.4, 821.2. Here, any timely tort claim asserted by Ms. Diggs against the DMV or its employees would arise from their failure fully to restore Ms. Diggs license, actions barred by the statutory licensing immunity.

### 4. *Leave to Amend*

Although courts generally take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where—as here—amendment would be futile. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1222 (S.D. Cal. 2012) ("Because [Plaintiff] could not plead any additional facts to cure the deficiencies in his pleadings and has already been given leave to amend, he should not be given further leave to amend his claims."). Here, Ms. Diggs has already been granted leave to amend her claim and she will be unable to cure the deficiencies because her claims against Director Shiomoto (and the DMV and other of its employees) are barred by statute of limitations or immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Ms. Diggs' First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## III. CONCLUSION

In light of the foregoing, the Court:

1. **DISMISSES WITH PREJUDICE** Ms. Diggs' Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii);

2. **DENIES AS MOOT** Ms. Diggs' Motion for Summary Judgment (ECF No. 12);

3. **CERTIFIES** that an *in forma pauperis* appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

/ / /

/ / /

4. **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge